UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**

JUN 17 2016



| | |
|---|---|
| MIRIAM C. MONTILEAUX,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM SCHIED, JON DEGREEF,<br>SCOTT MEES, STEPHANIE PAUL,<br>JESSICA UCKER, JAYME BALOUN,<br>TANYA PERMAN, JAMES NELSON,<br><br>        Defendants. | 3:16-CV-03014-RAL<br><br><br>ORDER DIRECTING SERVICE |

Plaintiff, Miriam C. Montileaux, is an inmate at the South Dakota Women's Prison in Pierre. She filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 on March 22, 2016, an amended complaint on April 20, 2016, and a second amended complaint on May 9, 2016. Doc. 1; Doc. 9; Doc. 13. Because Montileaux is a prisoner proceeding in forma pauperis, this Court must screen her complaint under 28 U.S.C. § 1915A. For the reasons stated below, Montileaux's complaint survives screening.

### I. FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT[1]

In her previous complaints, Montileaux alleged that prison staff claimed she made allegations that Michael Carlton, a member of prison staff, sexually

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in Montileaux's Original, Amended, and Second Amended Complaints, which this Court must take as true on initial screening.

assaulted her. Doc. 1; Doc. 9. According to the second amended complaint, William Schied, Stephanie Paul, and Jessica Ucker tampered with Montileaux's medical and mental health records to facilitate bringing charges against Carlton. Doc. 13 at 2-3. Tanya Perman and James Nelsen allegedly misconstrued Montileaux's remarks and made false accusations against Carlton. *Id.* at 3-4. Jon Degreef and Scott Mees allegedly made false statements to the state court, claiming that Carlton had sexually assaulted Montileaux even though she did not say that. *Id.* at 2. According to the second amended complaint, Jayme Baloun "went along" with Degreef and Mees' claims because Schied ordered him to. *Id.* at 3.

On March 22, 2016, Montileaux filed her original complaint. Doc. 1. The Court screened Montileaux's complaint and ordered service after dismissing certain defendants. Doc. 7. Montileaux then filed an amended complaint. Doc. 9. Before the Court had screened the amended complaint, Montileaux filed a second amended complaint. Doc. 13. She is not attempting to add back defendants who have been previously dismissed.

Montileaux requests some relief beyond what this Court can do. She wants this Court to order the state court to disclose information and the judgment from the proceedings concerning Michael Carlton, to remove her name and medical records from that matter, and to have criminal charges brought against defendants. *Id.* at 9.

## II.  LEGAL STANDARD

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this Court must screen any prisoner complaint filed in forma pauperis and determine whether it is (1) "frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## III.  DISCUSSION

Although her previous complaints brought unviable claims against improper defendants, her second amended complaint does not raise these claims or name these defendants. "When a plaintiff files an amended

3

complaint, the original complaint is superseded and has no legal effect." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Construed liberally, Montileaux's second amended complaint raises a single claim: that defendants violated her privacy by tampering with her medical and mental health records in order to bring charges against Michael Carlton.

Montileaux alleges that her medical and mental health records were tampered with, falsified, and disseminated in order to pursue false charges against Carlton. Doc. 13 at 6. She claims her Eighth Amendment rights were violated because she was denied adequate and accurate records. *Id.* at 9. While courts have found that inadequate medical records may violate a prisoner's Eighth Amendment rights, it was because the medical records were necessary to provide adequate health care. *Burks v. Teasdale*, 492 F. Supp. 650, 676 (W.D. Mo. 1980). Montileaux's claim concerns the privacy of her medical file rather than her health care. She alleges that defendants altered her file in order to bring charges against a third party and disseminated that false information about her.

Montileaux arguably has a right to the privacy of her medical files. The United States Court of Appeals for the Eighth Circuit has recognized generally that the "Constitution protects individuals against invasion of their privacy by the government." *McCaslin v. Campbell*, No. 95–4041, 1997 WL 148824, at *2 (8th Cir. April 2, 1997). "Th[e] protection against public dissemination of information is limited and extends only to highly personal matters

4

representing 'the most intimate aspects of human affairs.' " *Id.* (quoting *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996)).

Prisoners' privacy rights, however, are diminished due to their status. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions"); *Hill v. McKinley*, 311 F.3d 899, 904 (8th Cir. 2002) (agreeing with the general statement of law that "prison officials must balance an inmate's right to privacy with the security needs of the institution"). The Eighth Circuit has not decided whether a prisoner's medical records are the type of personal information protected under *McCaslin* and *Van Zee*.

Montileaux alleges that her medical files were accessed and falsified in order to bring charges against a third party. Doc. 13 at 6. Whether Montileaux was sexually assaulted is clearly a most intimate aspect of her affairs, and she alleges that this information was put into her medical files and disseminated in order to bring false charges against a third party rather than to further any legitimate penological interest. Montileaux, at this point, states a claim that her privacy rights were violated when her medical records were allegedly falsified and disseminated.

Montileaux, however, fails to state a claim against defendant Baloun. She alleges that Baloun "went along with what Degreef and Mees claimed because W. Schied asked him to go along with them in order for Schied to pursue false charges against former SCO Carlton." Doc. 13 at 3. While a pro

5

se complaint must be construed liberally, it still "must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The complaint does not clearly state that Baloun took any action, and therefore fails to state a claim that he violated Montileaux's constitutional rights. Baloun is dismissed as a defendant.

As ordered by this Court, Montileaux filled out and filed summonses in order to serve her original complaint. Because her second amended complaint replaces her original complaint, she must fill out and refile summonses for the remaining defendants in her second amended complaint.

### IV.  ORDER

Accordingly, it is ORDERED

1. Defendant Jayme Baloun is dismissed.

2. The remainder of Montileaux's complaint survives screening under 28 U.S.C. § 1915A(b)(1).

3. The Clerk shall send blank summons forms to plaintiff so she may cause the summons and amended complaint to be served upon the defendants.

4. The United States Marshal shall serve a copy of the second amended complaint (Doc. 13), Summons, and this Order upon defendants Jon Degreef, Scott Mees, William Schied, Stephanie Paul, Jessica Ucker, Tanya Perman, and James Nelsen, as directed by plaintiff. All other defendants shall be terminated. All costs of service shall be advanced by the United States.

5. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service unless this Court on a motion and by order extends the time to answer.

6. Montileaux will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. She will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

7. Montileaux will keep the court informed of her current address at all times. The Federal Rules of Civil Procedure and this Court's Civil Local Rules apply to this case and all parties while this case is pending.

Dated June 17th, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE